IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMELA LYNN DEMOREUILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-00570-CV-W-ODS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER AND OPINION AFFIRMING</u>
<u>COMMISSIONER'S FINAL DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his applications for disability and disability insurance benefits. For the following reasons, the Commissioner's decision is affirmed.

I. Background

On August 3, 2016, this Court affirmed in part and reversed in part the Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for disability and disability insurance benefits. *Demoreuille v. Colvin*, No. 15-0528-CV-W-ODS-SSA, 2016 WL 4129117 (W.D. Mo. Aug. 3, 2016). Although the matter was remanded - the time frame October 6, 2006 through December 31, 2011, which was the date last insured - in which Plaintiff alleged disability remained the same. R. at 1619. The ALJ again considered Plaintiff's allegation of disability due to fibromyalgia, degenerative disc disease, right shoulder impingement, right knee internal derangement, asthma, restless leg syndrome, depression, anxiety, sleep apnea, hypertension, and irritable bowl syndrome. R. at 1620.

The ALJ held a second hearing in April 2017, and issued her decision denying Plaintiff's application in May 2017. R. at 1617-30, 1645-65. The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, right shoulder impingement, right knee internal derangement, fibromyalgia, asthma, restless leg

syndrome, anxiety, and depression. R. at 1619. Despite Plaintiff's severe impairments, the ALJ determined Plaintiff was not disabled and found her to have a residual functional capacity ("RFC"):

> [T]o lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for 4 hours at one time without interruption and eight hours total in a workday; stand three hours at one time without interruption and six hours total in an eight hour workday; and walk three hours at a time without interruption and six hours total in an eight hour workday. The claimant could reach overhead occasionally. The claimant could reach in all other direction[s], handle, finger, feel, push and pull continuously with the upper extremities. The claimant could operate foot controls continuously with either foot. The claimant could occasionally climb stairs and crawl, but never climb ladders or scaffolds. The claimant could frequently balance, stoop, kneel, and crouch. The claimant could never work at unprotected heights. The claimant could tolerate occasional exposure to humidity, wetness, and extreme cold. The claimant could frequently work around moving mechanical parts, operate a motor vehicle and tolerate exposure to dust, odors, fumes, pulmonary irritants, extreme heat and vibration. The claimant could work in a very loud noise environment. The claimant could perform simple, routine, and repetitive tasks requiring no more than two hours of sustained concentration, persistence, and pace before needing a 15 minute[] break. The claimant could occasionally make work-related decisions and tolerate changes in the work setting. The claimant could tolerate occasional interactions with the public, coworkers, and supervisors. The claimant could not perform production paced work.

R. at 1622. Although the ALJ determined Plaintiff would be unable to return to her past work, the ALJ determined Plaintiff could work as a router, mail clerk, or electrical assembler after hearing testimony from a vocational expert ("VE") at the hearing. R. at 1629. Plaintiff now appeals the ALJ's latest decision.

## II. Standard of Review

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or

because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## III. Discussion

### A.

Plaintiff argues the ALJ erred in evaluating her subjective complaints regarding the intensity, persistence, and limiting effects of her symptoms because the ALJ failed to explain how Plaintiff's complaints of fatigue were consistent or inconsistent with the record. Plaintiff also argues the ALJ erred in weighing Plaintiff's work history, activities of daily living, and earnings history.

The ALJ specifically incorporated by reference her prior decision discussing Plaintiff's medical records. R. at 1619. The previous decision discussed Plaintiff's complaints of fatigue, finding her complaints inconsistent with the record. R. at 56-59. Medical records are consistent with the ALJ's conclusion as they demonstrate Plaintiff's fatigue was not severe. R. at 580, 592, 635, 942, 1029, 1031, 1040. Plaintiff's testimony and function report also indicate she was able to perform a range of daily activities that are inconsistent with finding her fatigue is so severe as to preclude all work. R. at 18-20, 354-61. Although Plaintiff differentiates her "good" and "bad" days, the ALJ properly considered this testimony and function report in evaluating inconsistencies between Plaintiff's complaints of fatigue and her activities of daily living. *See Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (stating "[i]nconsistencies between [Plaintiff'] subjective complaints of disabling impairments and evidence concerning daily living patterns also raised doubts."). Moreover, the ALJ noted Plaintiff's activities of daily living were "not entirely dispositive." R. at 1626. Contrary to Plaintiff's argument, the ALJ did not solely consider activities of daily activity as the basis for her decision.

3

Nor did the ALJ improperly consider Plaintiff's work and earnings history. The ALJ may consider a sparse work history as evidence of a minimal desire to work. *See Schouten v. Berryhill*, 685 F. App'x 500, 502 (8th Cir. 2017). Plaintiff states the ALJ did not inquire about her work history, but Plaintiff was given multiple opportunities to testify about her work history and did so. R. at 80-81, 1648-51. During the second hearing, Plaintiff was specifically given the opportunity to highlight the most important aspects of her application and disability, but Plaintiff's counsel did not delve into her work history despite the ALJ's notation of a poor work history in the first decision. R. at 1651. Finally, Plaintiff correctly notes case law indicates an ALJ may not rely on a poor work history, without more, as evidence to deny an application. But Plaintiff's suggestion that the ALJ relied solely on her work history is misplaced here as the ALJ's decision involved extensive analysis of medical records, hearing testimony, and function reports among other parts of the record. The Court finds no error in the ALJ's evaluation of the record. Moreover, substantial evidence in the record supports the ALJ's determination.

B.

Plaintiff also argues the RFC formulated by the ALJ is unsupported by the record because the ALJ erred in the weight given to medical opinions in the record. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Because Plaintiff's RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 f.3d 926, 932 (8th Cir. 2016) (citation omitted). "However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id*. (citations omitted).

The ALJ afforded little weight to the opinion of treating physician Dr. Tara Clark, who completed a physician's RFC form in July 2012. R. at 1627. Dr. Clark opined Plaintiff could perform less than a full range of light work, would experience occasional

debilitating pain and fatigue, and had little to no ability to work in a low stress job. The ALJ found the level of disability suggested by Dr. Clark was not supported by the record and was "incongruous" with notes indicating Plaintiff's fibromyalgia was stable. Medical records show little or no evidence of muscle atrophy or spasms, neuropathy, or other sensory deficits in Plaintiff's spine or lower extremities. R. at 580, 588, 591, 594, 598, 603, 605, 614, 622, 633, 636, 642, 706, 949, 952, 961-62, 969, 982, 986, 991, 997, 1017, 1028-29, 1031, 1033, 1035, 1040-41, 1063, 1097, 1172, 1176, 1283. The ALJ's decision includes a comprehensive review of these records as well. R. at 1622-25. In December 2011, Dr. Clark noted Plaintiff's fibromyalgia was "stable on current meds." R. at 1167. Plaintiff's own testimony and medical records indicate her fibromyalgia pain was lessened by medication, and she continued to be prescribed medication for her fibromyalgia pain. R. at 17-18, 430-40, 580, 587, 594, 1049, 1054. To the extent Dr. Clark identified environmental and manipulative limitations Plaintiff would need, those limitations are included in the RFC. R. at 1622. The Court finds no error in the ALJ's evaluation of Dr. Clark's opinion.

Licensed clinical social worker Julie Richardson completed a mental RFC form. R. at 1249-51. As with Dr. Clark, limitations proposed by Richardson that were consistent with the record were included in Plaintiff's RFC, namely a limitation to simple, routine, and repetitive tasks in a low-stress environment. R. at 1250, 1622. The ALJ gave no weight to the extent Richardson opined Plaintiff's physical illnesses, a topic outside the parameters of Richardson's mental RFC form, would prevent her from working due to frequent absences. R. at 1628. Richardson specifically stated "[Plaintiff's] mental health is sufficient to work in low-stress jobs, with limited human interaction. She is intelligent but has poor tolerance for criticism or change." R. at 1250. Viewed in conjunction with medical records indicating Plaintiff has "intact memory and fair concentration," and "appropriate affective responses," the Court finds no error in the ALJ's evaluation of Richardson's opinion. R. at 1628.

Finally, Plaintiff argues the ALJ erred in weighing the opinion of Dr. Sarah Horn, a Doctor of Chiropractic. Horn opined Plaintiff would be unable to work a full time job due to Plaintiff's "primary diagnosis of reoccurring spinal subluxations resulting in spinal nerve inflammation and myofascitis." R. at 1256. While the ALJ found Plaintiff to have

the severe impairment of degenerative disc disease, no weight was given to Horn's opinion. R. at 1627. First, the ALJ correctly noted Horn's opinion about Plaintiff's ability to work does not establish entitlement to benefits as that opinion was on an issue ultimately reserved to the Commissioner. R. at 1627. Second, medical records in the relevant time frame show little or no evidence of muscle atrophy or spasms, neuropathy, or other sensory deficits in Plaintiff's spine or lower extremities. R. at 580, 588, 591, 594, 598, 603, 605, 614, 622, 633, 636, 642, 706, 949, 952, 961-62, 969, 982, 986, 991, 997, 1017, 1028-29, 1031, 1033, 1035, 1040-41, 1063, 1097, 1172, 1176, 1283. These records are inconsistent with Horn's opinion. Moreover, Plaintiff's activities of daily living are inconsistent with Horn's opinion to the extent that Plaintiff is able to move about her home and into public for errands, social activities, or church. R. at 354-61. The Court finds no error with the ALJ's evaluation of the medical opinion evidence in light of the record as a whole.

## IV. Conclusion

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

DATE: May 16, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

6

Case 4:17-cv-00570-ODS   Document 16   Filed 05/16/18   Page 6 of 6